**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| CRYSTAL E. NEAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAPITAL ONE BANK USA NA, )<br>CAPITAL ONE BANK SERVICES, )<br>TRANSUNION, EQUIFAX, and )<br>EXPERIAN )<br>)<br>Defendants. ) | 1:15-CV-837 |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Proceed In Forma Pauperis (the "IFP Application") (Docket Entry 1). For the reasons that follow, pauper status will be granted solely for the purpose of recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees,

however, [is] not without its problems.  Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the in forma pauperis statute obliges "the [C]ourt . . . [to] dismiss the case at any time if [it] determines . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).

A plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), by not alleging "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting Twombly, 550 U.S. at 557).  The applicable standard, thus, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

2

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

**DISCUSSION**

**A. The Complaint**

On October 7, 2015, Plaintiff filed a pro se Complaint (Docket Entry 2), along with her IFP Application (Docket Entry 1). The Complaint seeks relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Docket Entry 2 at 1; see also id. at 3-7 (setting forth two causes of action under FCRA and one under FDCPA).) It also purports to assert a state-law claim for Defendants' alleged violation of the "North Carolina Consumer Collection Practices Act." (See id. at 4-5.)

In sum, the Complaint alleges that, in September 2014, Plaintiff pulled her credit report, which indicated a derogatory account with Defendant Capital One Bank USA NA (hereinafter, "Capital One"). (Id. at 2.) The Complaint further alleges that Plaintiff filed a dispute letter with three credit reporting

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

agencies. (Id.) According to the Complaint, a year later, Plaintiff again pulled her credit report and discovered that the derogatory account still appeared. (Id.) Finally, the Complaint alleges in conclusory fashion that Defendants "have been attempting to collect on what they now claim to be a balance of approximately $2,300." (Id.)

Upon review, the undersigned Magistrate Judge identified a number of deficiencies in Plaintiff's IFP Application and Complaint, including the lack of factual information to substantiate Plaintiff's claims. In an attempt to determine, inter alia, if Plaintiff could provide factual matter sufficient to support an inference that Capital One qualified as a "debt collector" under the FDCPA or, alternatively, that Defendants "willfully violated" the FCRA and/or that actual damages resulted from Defendants' negligent violations of the FCRA, the undersigned Magistrate Judge set this case for a hearing. (See Text Order dated Oct. 9, 2015.)

At said hearing, Plaintiff indicated that she prepared the Complaint by using a template and case that she found online, and that she could provide additional factual information to support her claims.[2] The undersigned Magistrate Judge then reviewed the

---

[2] The Clerk's Office recorded the hearing. (See Minute Entry dated Oct. 26, 2015.)

Complaint with Plaintiff to afford her an opportunity to address its deficiencies. During this review:

    1. Plaintiff conceded that she did not have any basis for alleging that Defendants are "not authorized to do business in North Carolina" (Docket Entry 2, ¶¶ 6-7).

    2. Plaintiff conceded that she did not have any basis for alleging that "Capital One [] is an unknown entity" (id., ¶ 6) and that this statement contradicts her assertion that Capital One is a Delaware Corporation (id., ¶ 7).

    3. Plaintiff conceded that Capital One Bank USA NA and Capital One Bank Services are the same entity.

    4. Plaintiff conceded that the paragraphs numbered 30, 34, 38, and 42 in the Complaint all state that "[p]aragraphs 1 through 29 are realleged as though fully set forth herein" (id., ¶¶ 30, 34, 38, 42), but, in fact, 13 paragraphs (at most) precede Paragraph 30 (see id. at 1-3) and the Complaint contains no paragraphs numbered 9 through 29 (see id. at 1-7).

    5. Plaintiff informed the Court that she twice "pulled [her] credit report" (id. at 2), but admitted that her credit report only contained information from Equifax and Transunion, not Experian.

    6. Plaintiff admitted that, although the Complaint directs the Court to a letter she received from Capital One by stating, "Attention Exhibit: A" (id.), she failed to attach the letter, or

5

any other document titled "Exhibit: A," to her Complaint (see id. at 1-7).

7. Plaintiff informed the Court that Capital One has not attempted to collect the debt since June 19, 2011, but asserted that Capital One did attempt to collect the debt at some point prior to June 19, 2011, a circumstance which Plaintiff conceded the Complaint did not describe.

8. Plaintiff conceded that a deficiency exists in the Complaint where she states, "Neither Defendant has ever provided to Plaintiff an accounting of the alleged debt nor any contract or other legal justification for attempting to collect it" (id. at 2), because the Complaint does not specify which of the four Defendant(s) to whom she refers (see id.).

9. Plaintiff conceded that paragraphs numbered 33(d) and 33(e) (id. at 3) have no application to this case.

10. Plaintiff conceded that she used an online template and legal case to draft her claim under the purported "North Carolina Consumer Collection Practices Act" (id. at 4-5), and that the template actually listed a Florida statute, see Consumer Collection Practices, Fla. Stat. § 559.55, et al. Plaintiff further admitted that she simply substituted "North Carolina" for "Florida" in asserting this claim.

The undersigned Magistrate Judge thereafter informed Plaintiff that she could amend her complaint to address the deficiencies

6

discussed, and that, if she did, she should allege factual matter regarding Defendants' purported "willful" violations of the FCRA, and, further, that she should allege factual matter regarding the actual damages she incurred as a result of Defendants' purported "negligent" violations of the FCRA, including details about any credit denials and how those denials resulted in financial losses.

## B. The Amended Complaint

On November 5, 2015, Plaintiff filed her Amended Complaint, which fails to correct several of the original Complaint's deficiencies and fails to provide enough factual information to support her FCRA and FDCPA claims. (See Docket Entry 5.) Although the Amended Complaint (1) no longer alleges that Defendants are "not authorized to do business in North Carolina," (2) only names one Capital One entity as a Defendant, (3) attempts to correct the erroneous paragraph numbering scheme by omitting paragraph numbers after paragraph 8, and (4) omits Plaintiff's purported North Carolina state law claim (see id. at 1-6), the Amended Complaint, nevertheless, still fails as a matter of law for several reasons:

First, the Amended Complaint names Experian as a defendant (id. at 1), even though Plaintiff admitted that the credit reports she reviewed only contained information from Equifax and Transunion.

7

Second, the Amended Complaint again directs the Court to "Attention Exhibit: A" (id. at 2), but does not contain any attached exhibit (see id. at 1-7).

Third, the Amended Complaint fails to correct the deficiency that "[n]either Defendant has ever provided to Plaintiff an accounting of the alleged debt nor any contract or other legal justification for attempting to collect it," because the Amended Complaint (like the original Complaint) does not identify any of the four Defendants. (Compare id. at 2, with Docket Entry 2 at 2).

Fourth, although Plaintiff conceded that paragraphs numbered 33(d) and 33(e) in the original Complaint have no application to this case, the Amended Complaint includes these same allegations (Docket Entry 5 at 3).

With regard to the lack of factual matter, the Amended Complaint purports to assert two causes of action under the FCRA and one under the FDCPA (see id. at 3-6), but does not provide enough facts to sufficiently allege any of those claims. For instance, at the hearing, Plaintiff stated that two businesses denied her employment after those businesses ran her credit report, causing monetary damages from her inability to get a job. The Amended Complaint does not, however, provide any factual allegations regarding employment denials (see id. at 1-6) and specifically omits Plaintiff's original assertions that she suffered "financial loss" or "loss of use of funds" as a result of

8

Defendants' actions (compare Docket Entry 2 at 3, with Docket Entry 5 at 1-6). Additionally, at the hearing, Plaintiff stated that Capital One attempted to collect on the debt prior to sending her a letter on or about June 19, 2011, but the Amended Complaint again fails to describe any collection activity (see Docket Entry 5 at 1-6). Under these circumstances, the undersigned Magistrate Judge recommends dismissal of this case under section 1915(e)(2)(B) for failure to state a claim. See, e.g., Iqbal, 556 U.S. at 678 (mandating that plaintiffs provide "factual matter" to support claims and ruling "legal conclusions" and "conclusory statements" insufficient).

**1. FCRA Claims**

Plaintiff's first FCRA claim alleges Defendants "willfully violated the FCRA" by committing one or more of four proscribed actions. (Docket Entry 5 at 4-5.) The factual allegations in the Amended Complaint do not support this claim. For example, Defendants allegedly failed to inform the consumer reporting agencies that Plaintiff disputed the reported information. (Id. at 4.) This provision could only apply to Capital One, because the other three Defendants are "consumer reporting agencies," and further, because Capital One is the only Defendant that Plaintiff alleges provided any information to the consumer reporting agencies. (See id. at 2.) However, Plaintiff alleges that Capital One "purged [her disputed debt] from [its] system and also

9

instructed all major consumer reporting agencies to delete any reference of [her] account," thereby complying with this FCRA provision. (Id.)

Next, Defendants allegedly committed willful violations of the FCRA by "negligently failing to conduct an investigation with respect to the disputed information" regarding her debt. (Id. at 4.) Only Capital One could bear liability under this provision, as Plaintiff alleges only that Capital One received notice of her disputed debt from a consumer reporting agency (id. at 2), such that it had a duty to conduct an investigation of the disputed information under this provision, see 15 U.S.C. § 1681s-2(b)(1)(A) ("After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information."); 15 U.S.C. § 1681(i)(a)(2)(A) ("Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller . . ., the agency shall provide notification of the dispute to any person who provided any item of information in dispute."). Moreover, the Amended Complaint alleges a willful violation of this FCRA provision, without the required factual allegations detailing how Capital One committed willful violations. See Boston v. Client Servs. of MO, Inc., No. 3:13-CV-

184, 2013 WL 5925902, at *3 (W.D.N.C. Nov. 1, 2013) (granting the defendant's motion to dismiss where the plaintiff did not allege any facts to support her assertion that the defendant willfully violated the FCRA); see also Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 418 (4th Cir. 2001) (observing that allegations of willful violations of the FCRA require the plaintiff to "show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer").

Further, Defendants allegedly committed willful violations of the FCRA by, "after receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies." (Docket Entry 5 at 4.) Among Defendants, only Capital One could face liability under this provision, as the other Defendants are all consumer reporting agencies that allegedly provided Capital One with information regarding Plaintiff's disputed debt. (See id. at 2.) Moreover, Plaintiff alleges that Capital One complied with this provision by notifying her that it had reviewed information regarding the disputed debt and purged it from its system. (See id.)

Lastly, Defendants allegedly committed willful violations of the FCRA by, "after receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a

11

person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about [P]laintiff pertaining to the account." (Id. at 5.) This provision could only apply to Capital One, the only Defendant that is not a consumer reporting agency. Again, however, Plaintiff alleges that Capital One complied with this provision by "instruct[ing] all major consumer reporting agencies to delete any references of [her] account." (Id. at 2.)

Plaintiff's second FCRA claim alleges that Defendants violated the same four provisions described above by acting "negligently," instead of "willfully." (Compare Docket Entry 5 at 4-5 (first FCRA claim alleging willful violations), with id. at 5-6 (second FCRA claim alleging negligent violations).) Again, for the reasons noted above, Plaintiff fails to provide sufficient factual matter that any violation of the FCRA (willful or negligent) occurred. (See Docket Entry 5 at 1-6.) Even assuming, arguendo, that the Amended Complaint contains sufficient facts establishing a statutory violation, it does not provide sufficient factual allegations regarding the willfulness of any violation or the "actual damages" Plaintiff allegedly suffered as a result of Defendants' negligent actions, as required. (See id.)[3]

---

[3] The Amended Complaint alleges, in conclusory fashion, that Plaintiff incurred "credit denials, credit delays, inability to apply for credit, inability to qualify for specific employment, mental anguish, humiliation, a loss of reputation, and expenditures for fees and costs." (Docket Entry 5 at 3.) Notably, Plaintiff

12

Under these circumstances, the Court should dismiss Plaintiff's FCRA claims under 28 U.S.C. § 1915(e)(2)(B)(ii). See Golden v. NCO Fin. Sys., No. 1:12CV1097, 2013 WL 4519774, at *2 (M.D.N.C. Aug. 26, 2013) (unpublished) (recommending dismissal of FCRA claims where complaint "contain[ed] only a bald assertion that [the d]efendant acted willfully and that [the p]laintiff suffered actual damages"), recommendation adopted, slip op. (M.D.N.C. Sept. 13, 2013) (Schroeder, J.); James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553, at *3 (M.D.N.C. June 26, 2013) (unpublished) (same), recommendation adopted, slip op. (M.D.N.C. July 23, 2013) (Schroeder, J.); King v. Equable Ascent Fin., LLC, No. 1:12CV443, 2013 WL 2474377, at *4 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.) (same).

**2. FDCPA Claim**

Turning to Plaintiff's FDCPA cause of action against Capital One (see Docket Entry 5 at 3-4), this claim fails for two main reasons. First, Plaintiff alleges that "Defendant Capital One [] is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6)" (Docket Entry 5 at 3), but fails to explain how Capital

---

does not allege that Defendants' actions "affected [her] ability to get a specific loan or line of credit or interfered with [her] ability to . . . get a specific job," King v. Equable Ascent Fin., LLC, No. 1:12CV443, 2013 WL 2474377, at *4 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.) (dismissing FCRA cause of action based on the defendant's negligent conduct because the plaintiff failed to "allege[] any facts to support his claim for actual damages"). (See Docket Entry 5 at 3.)

13

One falls under the statutory definition of "debt collector" (see id.). The FDCPA defines a debt collector as one who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

"Where the holder of a debt attempts to collect its own accounts, as [Plaintiff alleges that Capital One] has done here, it is not a debt collector under the FDCPA." Bagwell v. Dimon, No. 1:14CV495, 2015 WL 2374614, at *6 (M.D.N.C. May 18, 2015) (unpublished) (first citing Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 379 n.2 (4th Cir. 2006) ("[A] company's own efforts to collect overdue payments from its own delinquent clients would not ordinarily make it a 'debt collector' under the [FDCPA], which specifically refers to those who collect debts 'owed or due or asserted to be owed or due another.'" (quoting 15 U.S.C. § 1692a(6)); and then citing Scott v. Wells Fargo Home Mortg. Inc., 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) ("[T]he law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.")); see also Kirby v. SCA Collections, No. 1:13CV1048, 2014 WL 1225317, at *4 (M.D.N.C. Mar. 25, 2014) (unpublished) (first citing Horton v. HSBC Bank, No. 1:11CV3210TWT, 2013 WL 2452273, at *8 (N.D. Ga. June 5, 2013) (unpublished) ("Reciting the statutory definition without offering any facts in support is insufficient to plausibly allege that

14

Defendants qualify as debt collectors under the FDCPA. On this basis alone, Plaintiff's FDCPA claim should be dismissed."); and then citing Garcia v. Jenkins/Babb LLP, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012) (unpublished) ("Plaintiffs' description of the Jenkins/Babb Defendants as 'debt collectors' is a legal conclusion which courts are not bound to accept as true. . . . The factual allegations in the amended complaint are insufficient to establish that any of the Jenkins/Babb Defendants were either engaged 'in any business the principal purpose of which is the collection of any debts' or that they 'regularly collect or attempt to collect debts.' This failure is fatal to the claim against them under *Iqbal*." (internal ellipses omitted))), recommendation adopted, slip op. (M.D.N.C. Apr. 14, 2014) (Schroeder, J.).

Second, the Amended Complaint alleges that Capital One informed Plaintiff that it had purged her account from its system, instructed all major consumer reporting agencies to delete any references to her account, and now, can find no record of her account. (See Docket Entry 5 at 2.) These allegations do not sufficiently support a finding that Capital One violated any of the cited FDCPA provisions, such as "falsely representing the character, amount, or legal status of any debt," "communicating or threatening to communicate to any person credit information which is known or which should be known to be false," "use of any false

15

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," "failure to disclose in the initial written communication . . . that the debt collector is attempting to collect a debt," "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," and failing to send timely written notice of rights to dispute the debt (id. at 3-4). In sum, the FDCPA claim in the Amended Complaint fails as a matter of law. See Nowlin v. Capital One, No. 1:13CV1108, 2014 WL 795771, at *3 (M.D.N.C. Feb. 27, 2014) (unpublished) (recommending dismissal of FDCPA claim because the only non-conclusory factual allegation in the complaint did not support finding that the defendant violated any of the cited FDCPA provisions), recommendation adopted, slip op. (M.D.N.C. Mar. 26, 2014) (Eagles, J.).

## **CONCLUSION**

Plaintiff's Amended Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is granted for the limited purpose of allowing the Court to consider a recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

                                                      /s/ L. Patrick Auld
                                                      **L. Patrick Auld**
                                    **United States Magistrate Judge**

December 17, 2015