IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CRYSTAL E. NEAL,              )
                              )
           Plaintiff,         )
                              )
     v.                       )           1:15CV837
                              )
CAPITAL ONE BANK USA NA,      )
et al.,                       )
                              )
           Defendants.        )
```

**ORDER**

The Recommendation of the United States Magistrate Judge (Doc. 6) was filed with the court in accordance with 28 U.S.C. § 636(b) and, on December 17, 2015, was served on the parties in this action. Plaintiff objected to the Recommendation. (Doc. 8.)

The court is obliged to conduct a de novo determination as to "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2)-(3). An objecting party is required to identify specifically those findings objected to and to support such objection with the basis for it. Suntrust Mortg., Inc. v. Busby, 651 F. Supp. 2d 472, 476 (W.D.N.C. 2009). "A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested

resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id. (quoting Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); see United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) ("Without specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a de novo determination does not arise." (citations, alterations, and internal quotation marks omitted)). Similarly, general or conclusory objections that do not point to specific error do not require this court's de novo review and could result in the waiver of appellate review. E.g., Smith v. Wash. Mut. Bank FA, 308 F. App'x 707, 708 (4th Cir. 2009) (unpublished per curiam opinion) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). In the absence of a valid objection, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). "A finding is clearly erroneous when, although there is evidence to support it, on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been committed." Faulconer v. Comm'r of Internal Revenue, 748 F.2d 890, 895 (4th Cir. 1984) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Here, Neal has failed to raise a valid objection to any of the factual findings or legal conclusions in the Magistrate Judge's report. Neal's basic argument is that dismissal is improper because "[t]here is not one document in the records submitted by defendants as verified evidence" to contradict her claims. (See Doc. 8 at 4.) Neal misunderstands the procedural posture of the Magistrate Judge's ruling. The issue before the Magistrate Judge was whether the factual allegations in Neal's complaint, accepted as true, state a plausible claim upon which relief could be granted. (Doc. 6 at 2-3 (citing Aschroft v. Iqbal, 556 U.S. 662, 678 (2009)).) The Defendants have no burden to produce evidence at this stage because, for the purposes of the Recommendation, the Magistrate Judge assumed that all well-pleaded factual allegations in Neal's complaint are true. (See id.)

Because Neal has failed to raise a valid objection, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at, 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). After reviewing the Magistrate Judge's report, the court is satisfied that there is no clear error on the face of the record.

In sum, the court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a determination which is in accord with the Magistrate Judge's

3

report. The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that this action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). A Judgment dismissing this action will be entered contemporaneously with this Order.

    /s/   Thomas D. Schroeder
United States District Judge

June 20, 2016